FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAR 18 AM 9: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EUGENE CARROLL | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   CASE NO. CV 95-B-3332-S |
| | } |
| THE TENNESSEE VALLEY | } |
| AUTHORITY, CRAVEN CROWELL, | } |
| in his official capacity as Chairman of | } |
| the Board of the Tennessee Valley | |
| Authority, WILLIAM M. KENNOY, | |
| a Director of the Tennessee Valley | |
| Authority, JOHNNY H. HAYES, a | |
| Director of the Tennessee Valley | |
| Authority, | |
| | |
| Defendants. | |

ENTERED

MAR 1 8 1997

MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss or, in the alternative, for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' motion is due to be denied.

In January 1993, there was a vacant annual steamfitter position in the Maintenance Organization at the Tennessee Valley Authority ("TVA") Browns Ferry Nuclear Plant. (Defs.' Ans. to Am. Compl. at ¶ 4.) As a result, plaintiff, a black male, interviewed for the position. (Carroll Aff. at 1, attached at Tab 1 to Pl.'s Evid. Submission in Opp'n to Defs.' Mot. for Summ. J.) After the position was filled by a white male, Lendell P. Baker, plaintiff filed suit in federal court, alleging, inter alia, that defendants' failure to hire him for the annual

steamfitter position violated Title VII of the Civil Rights Act of 1964 ("Title VII"). Thereafter, defendant filed the motion presently before the court.

## DISCUSSION

Title VII provides that it is unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1994). Plaintiff may establish a prima facie case of race discrimination "through presentation of evidence on one of three accepted methods: direct evidence of discriminatory intent; statistical evidence; or the four-pronged test set out in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) . . . ." *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1556-57 (11th Cir. 1995). In this case, plaintiff relies upon the third method of proof.

A plaintiff alleging discriminatory failure to hire may establish a prima facie case of discrimination by showing:

> (1) that she or he is a member of a protected class; 2) that she or he applied and was qualified for a job for which the employer was seeking applicants; 3) that despite her or his qualifications, she or he was rejected; and 4) that after this rejection the position remained open or was filled by a person not within the protected class.

*Welborn v. Reynolds Metals Co.*, 810 F.2d 1026, 1028 (11th Cir.) (citation omitted), *reh'g denied*, 815 F.2d 717 (1987). Here, plaintiff, a black male, has established a prima facie case of discrimination. He was rejected from a position for which he had applied and was qualified, and after his rejection, the position was filled by an individual outside the protected class, a white male.

"[O]nce the plaintiff proves a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision." *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 594 (11th Cir. 1987) (citations omitted). In the present case, defendant maintains that plaintiff was not hired for the steamfitter position because he "did not have any valid welding certifications at the time of the selection decision." (Br. in Supp. of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. at 2-3.) Given that defendants' burden at this stage is "exceedingly light," *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983), the court is of the opinion that defendant has satisfied its burden of production. Therefore, in order to avoid summary judgment, plaintiff must "raise a genuine factual question as to whether defendants' stated reason is mere pretext." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 920 (11th Cir. 1993) (citation omitted), *reh'g and reh'g en banc denied*, 16 F.3d 1233 (1994).

Although at the trial stage, plaintiff must demonstrate that defendants' "'proffered reason was not the true reason for the employment decision,' and that race was," *St. Mary's Honor Center v. Hicks*, ___ U.S. ___, ___, 113 S. Ct. 2742, 2747 (1993) (citation omitted), "[u]nder *St. Mary's*, a plaintiff withstands summary adjudication by producing sufficient evidence to allow a reasonable finder of fact to conclude that the defendant's articulated reasons for its decision are not believable." *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 526 (11th Cir. 1994). Plaintiff has satisfied this burden. Again, defendants contend that plaintiff was not chosen for the steamfitter position because he did not possess welding certifications at the time of the selection decision. To rebut this proffered reason, plaintiff raises a number of

3

facts, three of which the court deems sufficient to establish a genuine issue of material fact with respect to the issue of pretext.

First, during his deposition Kevin Groom, who was Welding Engineer Supervisor for TVA in 1993, testified that he was aware of "quite a number" of individuals who were rehired as steamfitters without welding certifications who were permitted to become recertified after being rehired. (Groom Dep. at 52-53.) Second, in a note from John Whitt, the Mechanical Maintenance Manager at Browns Ferry, to Deborah Norton, a TVA Human Resource Officer, Whitt stated that "Eugene Carroll was not hired for the annual pipefitter position because he had less total qualifications, less TVA time and less experience as a steamfitter at a nuclear plant." (Ex. 2 to Dep. of Norton.) Absent from this note, however, is any mention of plaintiff's lack of welding certifications. Finally, Norton testified that if Lendell Baker had not accepted the steamfitter position, the next choice was Eugene Carroll. (Norton Dep. at 17.) If, however, defendants were only interested in hiring individuals with welding certifications, then plaintiff should have been eliminated from consideration altogether.

## CONCLUSION

Based upon the foregoing reasons, the court is of the opinion that plaintiff has raised a genuine issue of material fact and defendants are not entitled to judgment as a matter of law. An Order denying defendants' motion will be entered contemporaneously herewith.

DONE this 18th day of March, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge